UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NEAL ROMAN ARMSTRONG, SR. | § | CIVIL ACTION NO. 2:07-cv-689-WHA |
| | § | |
| VS. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |

**DECLARATION OF**
**JOSEPH R. WILLIE, II, D.D.S., J.D.**

My name is Joseph R. Willie, II, D.D.S., J.D. I was the trial and appellate counsel for the Petitioner, Neal Roman Armstrong, Sr. I have read the Petition for Writ of Habeas Corpus concerning the above-entitled and numbered cause and I am now responding to the Court's inquiry.

The record will reflect that the issue raised in Ground One was addressed by proper objections at trial, including taking witnesses on *voir dire* to preclude prejudicial testimony and evidence from being proffered to the jury concerning the conspiracy to commit money laundering count of the Indictment. Additionally the issue was raised on direct appeal to the Eleventh Circuit and in a Petition for Writ of Certiorari to the Supreme Court of the United States.

Ground Two of the petition was subsumed and included in trial counsel arguments that the district court could not impose sentence enhancements not authorized by the jury's verdict. This would include any obstruction of justice enhancement found

by the district court. Counsel made the proper *Blakely* and *Booker* arguments at trial, on direct appeal and in the Petition for Writ of Certiorari.

As to Ground Three, the testimony of Timothy Sewell took place at the Sentencing Hearing and not at trial on the merits. Mr. Sewell's testimony had no bearing on the conspiracy to commit money laundering count in the Indictment. A careful reading of the record reveals that Mr. Sewell's testimony basically showed that Irving Johnson was trying to extort money from the Petitioner and not for any alleged hit. To this date, I still believe Mr. Sewell testimony not to be credible and any attempt to impeach Mr. Sewell would tend to enhance his credibility. That is the reason I did not cross-examine Mr. Sewell. If the same opportunity presented itself today, I would make the same decision.

Ground Four basically raises the same issues in Grounds One and Two. Contrary to the Petitioner's allegations, he was informed as to the progress of his case and the status of his appeal. Revisionist history on the part of the Petitioner does not equate to ineffective assistance of counsel.

At the end of the trial, counsel asked Judge Albritton to critique his performance. Judge Albritton stated that counsel performed excellently and that he was welcomed in his court at ant time. My representation of the Petitioner never fell below the standards as set out in *Strickland* and *Cronic*.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 8/22/07

_____
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served, Certified Mail, Return Receipt Requested, to Neal Roman Armstrong, Sr. #07406-094, FCC Yazoo City-Low, P.O. Box 5000, Yazoo City, Mississippi 39194-5000, on the 22nd day of August, 2007, and by using the CM/ECF system on the 22nd day of August, 2007, which will send notification of such filing to the following:

Susan R. Redmond, Esquire
Assistant United States Attorney

Todd A. Brown, Esquire
Assistant United States Attorney

_____
Joseph R. Willie, II, D.D.S., J.D.