IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NEAL ROMAN ARMSTRONG,

    Petitioner,

v.                           Case No. 2:07cv689-WHA/CSC
                                     2:04cr-84-WHA/CSC

UNITED STATES OF AMERICA,

    Respondent.
_____/

ARMSTRONG'S REPLY TO THE SUPPLEMENTAL
DECLARATION OF JOSEPH R. WILLIE, II, D.D.S., J.D.

    COMES NOW the Petitioner, Neal Roman Armstrong (Armstrong), and respectfully files this Reply to the Supplemental Declaration of Joseph R. Willie (Willie) as follows:

    Attorney Willie had previously submitted a declaration in this case, and Armstrong responded to it in his Reply to the United States' Response to the Section 2255 Motion. Willie now has submitted a supplemental declaration based on Cuellar v. United States, Sup.Ct. No. 06-1456, 2007 WL 2982279 (10/15/2007), and United States v. Santos, 127 S.Ct. 2098 (2007). Willie is of the notion that these cases will redeem him of the consequences of his fatal errors in this case.

    However, the question presented in Cuellar is whether "merely hiding funds with no design to create appearance of legitimate wealth sufficient to support money laundering conviction?" Vol. 82, No. 3, Criminal Law reporter at 93. Cuellar was convicted

under 18 U.S.C. § 1956(a)(2)(B)(i), which criminalizes the transportation, transmission, or transfer of certain funds with intent "to **conceal** or **disguise** the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." Id. (emphasis added); United States v. Cuellar 478 F.3d 282 (5th Cir. 2007). While Santos, on the other hand, presented the question of whether "'proceeds' in federal money laundering statute, 18 U.S.C. § 1956(a)(1), means gross receipts from unlawful activities or only profits, i.e., gross receipts less expenses?" Vol. 82, No. 1, CLR at 41.

Though Santos was convicted under "18 U.S.C. §§ 1956(a)(1)(A)(i) and (h)," United States v. Santos, 461 F.3d 886, 888 (7th Cir. 2006), the argument before the courts there is merely asking the courts whether the statute mean "gross income" or "net income" from "illegal gambling" is to be the "proceeds" necessary for a conviction of "conspiracy to use the proceeds of an illegal gambling business." Id.; see 127 S.Ct. 2098.

Thus, neither Cuellar nor Santos supports counsel's defense of attacking Armstrong's §§ 1956(a)(1)(A)(i) and (h)'s promotion conspiracy charges under §§ 1956(a)(1)(B)(i) and (a)(2)(B)(i)'s concealment or disguise elements. The submission of this supplemental declaration and its premise merely solidify Armstrong's claim that counsel was constitutionally ineffective for advancing a misguided defense at trial and continuing to do so on appeal. Furthermore, the case of Santos, if anything, conforms with Armstrong's claim in his § 2255 that "a transaction to pay for illegal drugs is not money laundering, because the funds involved

are not proceeds of an unlawful activity when the transaction occurs, but become so only after the transaction is completed." Armstrong's Reply at 7.

In his reply, Armstrong cites to United States v. Malone, 484 F.3d 916, 921-22 (7th Cir. 2007), among other cases from the Seventh and other Circuits. In Malone, references are made to the following cases: United States v. Febus, 218 F.3d 784 (7th Cir. 2000), which is the Santos case sub nom; United States v. Scialabba, 282 F.3d 475 (7th Cir. 2002), which is the case followed by Santos and which the United States is attempting to overturn; and Santos itself.

WHEREFORE, Willie's Supplemental Declaration, if anything, supports Armstrong's position in this case and should be regarded as additional self-admitted evidence of counsel's ineffective assistance.

Respectfully submitted,

Neal Roman Armstrong #07406-094
FCC Yazoo City Low
P.O. Box 5000
Yazoo City, MS 39194-5000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was sent to: Office of the U.S. Attorney, SUSAN R. REDMOND, AUSA, P.O. Box 197 Montgomery, AL 36101-0197, on this 31th day January, 2008.

Neal Roman Armstrong, pro se

FCC YAZOO CITY LOW (3BU)
P.O. BOX 5000
YAZOO CITY, MS  39194-5000

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
     P.O.  BOX 711
MONTGOMERY, AL  36101-0711